| United States District Court | DISTRICT: Eastern District of Pennsylvania |
|---|---|
| UNITED STATES OF AMERICA v. Shacoy McNish, Alishea Vann | DOCKET NO. |
| | MAGISTRATE'S CASE NO. 10-1083-M |

Complaint for violation of Title 18 United States Code §§ 922(a)(6), 2

| NAME OF JUDGE OR MAGISTRATE | OFFICIAL TITLE | LOCATION |
|---|---|---|
| Honorable LYNNE A. SITARSKI | U.S. Magistrate Judge | Philadelphia, PA |

| DATE OF OFFENSE | PLACE OF OFFENSE | ADDRESS OF ACCUSED (if known) |
|---|---|---|
| May 20, 2010 | 1532 South Front Street, Philadelphia, PA 19147 | Shacoy McNish, 419 Millbank Road, Upper Darby, PA, 19082 / Alishea Vann, 2245 Greenwich Street, Philadelphia, PA, 19146 |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

Defendants furnished, and aided and abetting the furnishing of, a false and misrepresented identification to a licensed dealer of firearms in connection with the attempted acquisition of a firearm, which was intended and likely to deceive that dealer with respect to a fact material to the lawfulness of the sale of the firearm, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

**FILED**
JUL 14 2010
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

SEE AFFIDAVIT ATTACHED HERETO.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.

SIGNATURE OF COMPLAINANT (official title): Matthew Cimino

OFFICIAL TITLE: Special Agent, United States Secret Service

Sworn to before me and subscribed in my presence.

SIGNATURE OF MAGISTRATE: Honorable LYNNE A. SITARSKI, United States Magistrate Judge

DATE: 7/14/2010

1) See Federal Rules of Criminal Procedure rules 3 and 54.

## AFFIDAVIT OF PROBABLE CAUSE FOR ARREST

I, Matthew Cimino, Special Agent, United States Secret Service, United States Department of Homeland Security, Philadelphia, PA, being duly sworn, state:

### Introduction

1. I have been a Special Agent with the United States Secret Service since about November 2006. Prior to joining the Secret Service, I was a police officer for Hellam Township, Commonwealth of Pennsylvania, for about three-and-a-half years. I am currently assigned to the Philadelphia Field Office of the Secret Service, located in Philadelphia, Pennsylvania.

2. I am submitting this affidavit in support of a Complaint and Warrant for the arrest of Shacoy McNish of Upper Darby, Pennsylvania, and Alishea Vann of Philadelphia, Pennsylvania, on charges of furnishing, and aiding and abetting the furnishing of, a false and misrepresented identification to a federally licensed dealer of firearms in connection with the attempted acquisition of a firearm, which was intended and likely to deceive that dealer with respect to a fact material to the lawfulness of the sale of the firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 2.

3. The information contained in this affidavit is based on the investigation conducted by law enforcement officers and agents, including agents of the United States Secret Service and the Commonwealth of Pennsylvania's Office of the Attorney General's Gun Violence Task Force. Since this affidavit is being submitted for the limited purpose of establishing probable cause to arrest McNish and Vann, I have

1

not set forth every fact learned during the course of this investigation, but simply those facts which I believe are necessary to establish probable cause.

### The Attempted Straw Purchase

4. Firing Line, Inc. ("Firing Line") is a licensed firearms dealership doing business at 1532 South Front Street, Philadelphia, PA 19147. Firing Line has an in-store, digital video security system, which recorded many of the events described below.

5. For example, the video recording shows that on May 20, 2010, one woman and two men entered the gun store, spoke with one another, and looked at guns that were for sale. The woman then told a store employee that she wanted to buy a Glock Model 19, 9 millimeter handgun with the serial number ANL067US.

6. The employee presented the woman with state and federal application forms for her to fill out and asked for proof of identification, all of which is required by law for anyone seeking to buy a firearm from a licensed dealer. The woman filled out the forms and provided the gun store employee with a Pennsylvania driver's license in the name of "L.C.," which purported to include L.C.'s operating license number ("OLN"), address, and date of birth. Subsequent investigation revealed that there is a woman named L.C. who lives in Philadelphia and has the same date of birth as the one on the license the woman presented to Firing Line.

7. The Firing Line employee entered the information from the driver's license into the Pennsylvania Instant Check System ("PICS") and was alerted that the OLN did not match the OLN on an actual driver's license issued to the real L.C. An alert was also sent to Philadelphia Police.

2

8. The Firing Line employee told the woman that her application was being reviewed and that he was waiting for a telephone call. The employee also asked the woman for her social security number. The woman said that the number was in her car, and she would have to retrieve it. The woman left the gun store for about five minutes. When she returned, she gave the store employee the first seven digits of a social security number and said the last two digits were either "0-3" or "3-0." One of these numbers matched the social security number for the real L.C.

9. Shortly after telling the Firing Line employee that her social security number was one of two numbers, the woman said that she could not wait any longer and had to leave. The Firing Line employee told the woman that a cancellation would cost $50, and the woman said that she understood, but she had to pick up her baby. She left the gun store with the two men who had accompanied her into the store.

10. The entire incident lasted approximately 40 minutes.

### Identification of the Suspects

11. A fingerprint recovered from one of the forms completed by the woman who sought to buy the gun was positively identified by Philadelphia Police Department's Latent Print Section as belonging to Alishea Vann.

12. Additionally, I recognized one of the men from the video recording to be Shacoy McNish, a man currently awaiting trial in both Philadelphia County and Delaware County on separate sets of identity theft-related charges.

13. Law enforcement officers have shown images from the Firing Line video recording to McNish's sister, Shonta Davis, and Davis identified both McNish

and Vann from the footage. Davis said Vann was her "sister's sister," which I took to mean the half-sister of Davis's half-sister.

14. On July 2, 2010, law enforcement officers with the Pennsylvania Attorney General's Gun Violence Task Force arrested McNish at 419 Millbank Road in Upper Darby, Pennsylvania, pursuant to a warrant. Incident to that arrest, officers found documents containing identifying information for the real L.C. and other identity theft victims, as well as rifles, one of which had an obliterated serial number.

15. The real L.C. has told law enforcement officers that she never authorized McNish or Vann to use her identifying information.

## Conclusion

Based on the facts and circumstances described above, I have probable cause to believe that on or about May 20, 2010, Shacoy McNish and Alishea Vann furnished, and aided and abetting the furnishing of, a false and misrepresented identification to a licensed dealer of firearms in connection with the attempted acquisition of a firearm, which was intended and likely to deceive that dealer with respect to a fact material to the lawfulness of the sale of the firearm, all in violation of 18 U.S.C. §§ 922(a)(6), and 2.

Matthew Cimino
Special Agent
United States Secret Service

Subscribed and sworn to before me this 14th day of July, 2010

The Honorable Lynne A. Sitarski
United States Magistrate Judge