# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. 10-524** |
| | | |
| **v.** | **:** | **DATE FILED: January 13, 2011** |
| | | |
| **SHACOY McNISH** | **:** | **VIOLATIONS:** |
| **OMAR R. THOMPSON** | | **18 U.S.C. § 371 (conspiracy – 3 counts)** |
| | **:** | **18 U.S.C. § 1344 (bank fraud – 4 counts)** |
| | | **18 U.S.C. § 1029(a)(1) (access device fraud – 6** |
| | **:** | **counts)** |
| | | **18 U.S.C. § 513(a) (possessing and uttering** |
| | **:** | **counterfeit checks – 2 counts)** |
| | | **18 U.S.C. § 473 (counterfeiting – 1 count)** |
| | **:** | **18 U.S.C. § 1028(a)(7) (fraud in connection with** |
| | | **identification information – 1 count)** |
| | **:** | **18 U.S.C. §§ 922(a)(6) and 924(a)(2) (providing** |
| | | **false information to federal firearms licensee -1** |
| | **:** | **count)** |
| | | **18 U.S.C. § 922(g)(1) (felon in possession of a** |
| | **:** | **firearm – 1 count)** |
| | | **18 U.S.C. § 1028A (aggravated identity theft – 8** |
| | **:** | **counts)** |
| | | **18 U.S.C. § 2 (aiding and abetting)** |
| | **:** | **Notices of forfeiture** |

## S E C O N D   S U P E R S E D I N G   I N D I C T M E N T

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1.     The Home Depot, Inc. ("Home Depot"), Sears Holding Corporation

("Sears"), Radio Shack Corporation ("Radio Shack"), and Target Corporation ("Target") did

business in interstate commerce.

2.     Wachovia Bank ("Wachovia") was a financial institution, the deposits of

which were insured by the Federal Deposit Insurance Corporation, under certificate number
33869.

      3.      J.W., D.N., L.M., M.T., and H.R. were actual persons.

      4.      From in or about July 2009 to in or about November 2009, in the Eastern
District of Pennsylvania, and elsewhere, defendants

**SHACOY McNISH, and**
**OMAR R. THOMPON**

conspired and agreed, together and with others known and unknown to the grand jury, to commit
offenses against the United States, that is:  (a) the knowing execution of a scheme to defraud
Wachovia, and to obtain monies owned by and under Wachovia's care, custody, and control, by
means of false and fraudulent pretenses, representations, and promises; (b) with intent to deceive,
the knowing use of counterfeit access devices; (c) with intent to deceive, the uttering and
possession of forged and counterfeit securities of an organization operating in and affecting
interstate commerce; and (d) the knowing possession and use of means of identification of other
persons without lawful authority during and in relation to federal fraud offenses, in violation of
Title 18, United States Code, Sections 513(a), 1028A(a)(1), 1029(a), and 1344.

**MANNER AND MEANS**

      5.      It was part of the conspiracy that defendants SHACOY McNISH and
OMAR R. THOMPSON possessed, without lawful authorization, means of identification of
other persons.

      It was a further part of the conspiracy that:

6.      Defendants SHACOY McNISH and OMAR R. THOMPSON used these means of identification of other persons to add themselves or have others add them as authorized users on credit card accounts of the persons whose means of identification defendants McNISH and THOMPSON possessed without authorization.

7.      Defendants SHACOY McNISH and OMAR R. THOMPSON then used these credit card accounts to make purchases at Home Depot, Sears, Radio Shack, Target, and other retailers doing business in interstate commerce.

8.      Defendants SHACOY McNISH and OMAR R. THOMPSON used the means of identification of J.W. to possess and utter counterfeit checks drawn on J.W.'s account at Wachovia.

9.      Defendant OMAR R. THOMPSON used the means of identification of M.T. to make cash advances of approximately $15,500.

10.      Defendant SHACOY McNISH used the means of identification of H.R. to withdraw $5,000 from H.R.'s account at Wachovia.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendants SHACOY McNISH and OMAR R. THOMPSON committed the following overt acts, among others:

1.      On or about September 22, 2009, defendant SHACOY McNISH, having been fraudulently added as an authorized user on a Radio Shack credit card account in the name of D.N., used the credit card account to purchase approximately $3,686.02 of merchandise at a Radio Shack store in Philadelphia.

3

2.      Between October 2, 2009, and October 14, 2009, defendants SHACOY McNISH and OMAR R. THOMPSON cashed or attempted to cash forged and counterfeit checks drawn on J.W.'s account.

4.      Between October 23, 2009, and October 27, 2009, defendant OMAR R. THOMPSON made four cash advances on M.T.'s account totaling approximately $15,500.

5.      On or about October 29, 2009, defendant SHACOY McNISH withdraw $5,000 from H.R.'s Wachovia account.

All in violation of Title 18, United States Code, Section 371.

4

## <u>COUNTS TWO THROUGH FOUR</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about the dates listed below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**SHACOY McNISH**

knowingly and with the intent to defraud, used counterfeit access devices, that is, counterfeit credit cards, thereby affecting interstate and foreign commerce:

| COUNT | DATE | LAST FOUR DIGITS OF ACCOUNT |
|-------|------|------------------------------|
| 2 | September 22, 2009 | 1401 |
| 3 | October 4, 2009 | 1746 |
| 4 | October 6, 2009 | 1746 |

In violation of Title 18, United States Code, Section 1029(a)(1).

5

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

        1.      Paragraphs 2 and 3 of Count One are re-alleged here.

        2.      From on about October 8, 2009 to on or about October 12, 2009, in

Philadelphia, in the Eastern District of Pennsylvania, defendant

### SHACOY McNISH

knowingly executed, attempted to execute, and aided and abetted the execution of, a scheme to

defraud Wachovia, and to obtain monies owned by and under the care, custody, and control of

Wachovia by means of false and fraudulent pretenses, representations, and promises.

### THE SCHEME

        It was part of the scheme that:

        3.      Defendant SHACOY McNISH and others known and unknown to the

grand jury, possessed without lawful authorization means of identification of J.W.

        4.      Defendant SHACOY McNISH and others, known and unknown to the

grand jury, used the means of identification of J.W. to change the address and phone number

listed on a Wachovia checking account for J.W. and to place an order for new checks to be sent

to the new address.

        5.      On or about October 8, 2009, defendant SHACOY McNISH went to a

branch of Wachovia in Philadelphia, and attempted to cash a check from J.W.'s account, which

had a forged signature for J.W., and was made payable to defendant McNISH in the amount of

$9,000.  Wachovia did not allow defendant McNISH to cash the entire amount at once, so

defendant McNISH obtained $1,000, and deposited the remaining $8,000 into his own account.

6

6.      On or about October 12, 2009, defendant SHACOY McNISH went to a Wachovia branch and withdrew $8,000 that he had deposited into his account on or about October 8, 2009.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 8, 2010,  in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### SHACOY McNISH

knowingly and without lawful authority possessed and used, and aided and abetted the

unauthorized possession and use of, a means of identification of another person, that is, the

account number of J.W., during and in relation to bank fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5) and 2.

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 2 and 3 of Count One are re-alleged here.

      2.      On about October 14, 2009, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### OMAR R. THOMPSON

knowingly executed, attempted to execute, and aided and abetted the execution of, a scheme to

defraud Wachovia, and to obtain monies owned by and under the care, custody, and control of

Wachovia by means of false and fraudulent pretenses, representations, and promises.

### THE SCHEME

      It was part of the scheme that:

      3.      Defendant OMAR R. THOMPSON and others known and unknown to the

grand jury possessed without lawful authorization means of identification of J.W.

      4.      Defendant OMAR R. THOMPSON and others, known and unknown to

the grand jury, used the means of identification of J.W. to change the address and phone number

listed on a Wachovia checking account for J.W. and to place an order for new checks to be sent

to the new address.

      5.      On or about October 14, 2009, defendant OMAR R. THOMPSON went to

a Wachovia branch in Philadelphia and cashed a check from J.W.'s account, which had a forged

signature for J.W., and was made payable to defendant THOMPSON  in the amount of $3,000.

      All in violation of Title 18, United States Code, Sections 1344 and 2.

9

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 14, 2010, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## OMAR R. THOMPSON

knowingly and without lawful authority possessed and used, and aided and abetted the unauthorized possession and use of, a means of identification of another person, that is, the account number of J.W., during and in relation to bank fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5) and 2.

10

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.     Paragraphs 2 and 3 of Count One are re-alleged here.

      2.     On or about October 29, 2009, in the Eastern District of Pennsylvania,

defendant

### SHACOY McNISH

knowingly executed, attempted to execute, and aided and abetted the execution of, a scheme to

defraud Wachovia, and to obtain monies owned by and under the care, custody, and control of

Wachovia by means of false and fraudulent pretenses, representations, and promises.

### THE SCHEME

      It was part of the scheme that:

      3.     Defendant SHACOY McNISH possessed without lawful authorization

means of identification of H.R.

      4.     On or about October 29, 2009, defendant SHACOY McNISH went to a

Wachovia branch in Glenolden, Pennsylvania, signed H.R.'s name to a withdrawal slip, and

withdrew $5,000 from H.R.'s bank account.

      All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 29, 2009,  in Glenolden, in the Eastern District of

Pennsylvania, defendant

### SHACOY McNISH

knowingly and without lawful authority possessed and used, and aided and abetted the

unauthorized possession and use of, a means of identification of another person, that is, the bank

account number of H.R., during and in relation to bank fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5) and 2.

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about December 23, 2009, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### SHACOY McNISH

knowingly sold, transferred, and delivered, and aided and abetted the selling, transfer, and delivery of, counterfeit obligations of the United States, that is, approximately $610 in counterfeit Federal Reserve Notes with the intent that the counterfeit Federal Reserve Notes be passed, published, and used as true and genuine.

In violation of Title 18, United States Code, Sections 473 and 2.

13

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

      At all times material to this indictment:

## THE FIRING LINE

      1.     Firing Line, Inc. ("Firing Line"), located at 1532 South Front Street in Philadelphia, Pennsylvania, possessed a federal firearms license ("FFL") and was authorized to deal in firearms under federal law.

      2.     FFL holders are licensed, among other things, to sell firearms and ammunition.  Various rules and regulations, promulgated under the authority of Chapter 44, Title 18, United States Code, govern the manner in which FFL holders are permitted to sell firearms and ammunition.

      3.     The rules and regulations governing FFL holders require that a person seeking to purchase a handgun fill out a Firearms Transaction Record, ATF Form 4473.  Part of the Form 4473 requires that the prospective purchaser certify that all his or her answers on Form 4473 are true and correct.  The Form 4473 requires the purchaser to answer questions about the purchase, including a question, "Are you the actual buyer of the firearm(s) listed on this form? Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person."  The Form 4473 also contains a warning that falsely answering yes to that question and falsely claiming to be the actual buyer of the firearm(s) is a crime punishable as a felony.

      4.     FFL holders are required to maintain a record, in the form of a completed Form 4473, of the identity of the actual buyer of firearms sold by the FFL holder, to ensure that the person was not prohibited from purchasing a firearm.

14

**L.C.**

5.       L.C. was a real person residing in Philadelphia.  L.C. did not give

defendant SHACOY McNISH, Alishea Vann, charged elsewhere, or anyone else authorization to

possess or use her driver's license, social security card information, or any other identifying

information for any reason.

**THE CONSPIRACY**

6.       On or about May 20, 2010, in the Eastern District of Pennsylvania, and

elsewhere, defendant

**SHACOY McNISH**

conspired and agreed, together with Alishea Vann, charged elsewhere, and Person No. 1, a

person unknown to the grand jury, to commit an offense against the United States, that is, to

knowingly make false and fictitious statements and to furnish a false, fictitious, and counterfeit

identification, intended and likely to deceive that dealer with respect to a fact material to the

lawfulness of the sale of the firearm under the provisions of Chapter 44, Title 18, United States

Code, in violation of  Title 18, United States Code, Section 922(a)(6).

**MANNER AND MEANS**

It was part of the conspiracy that:

7.       Defendant SHACOY McNISH possessed without authorization means of

identification for L.C., including L.C.'s name, date of birth, and social security number.

8.       Defendant SHACOY McNISH offered to pay Alishea Vann approximately

$600 if she used L.C.'s identification to buy a Glock Model 19, 9-millimeter handgun for him.

15

9.     Alishea Vann agreed to buy the gun for defendant SHACOY McNISH, and defendant McNISH drove Alishea Vann and Person No. 1 to the Firing Line gun store to buy a handgun.

10.    At the direction of defendant SHACOY McNISH, posing as L.C., Alishea Vann attempted to buy a firearm for defendant McNISH and completed an ATF Form 4473 in which she falsely identified herself as L.C.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendant SHACOY McNISH and others known and unknown to the grand jury committed the following overt acts, among others, in the Eastern District of Pennsylvania:

On or about May 20, 2010:

1.     Defendant SHACOY McNISH and Person No. 1 gave Alishea Vann hundreds of dollars and means of identification for L.C. and told Vann to use the money and identification documents to buy a handgun for defendant McNISH.

2.     Defendant SHACOY McNISH entered the Firing Line with Person No. 1 and Alishea Vann and showed Vann a Glock Model 19 9-millimeter handgun that defendant McNISH wanted Vann to buy for him.

3.     Alishea Vann told a Firing Line employee that she wanted to buy a Glock Model 19 9-millimeter handgun, which was the same gun selected by defendant SHACOY McNISH.

4.     At the direction of defendant SHACOY McNISH, Alishea Vann:

16

      a.      falsely represented to the Firing Line employee that she was L.C.;

      b.      provided the employee with the counterfeit driver's license for L.C. that she had received from defendant McNISH; and

      c.      filled out federal and state application forms, including a Firearm Transaction Record ATF Form 4473, on which Vann falsely identified herself as L.C., provided the date of birth for the real L.C., and falsely certified that she was the actual buyer of the gun.

      All in violation of Title 18, United States Code, Section 371.

17

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES THAT**

       1.      Paragraphs 1 through 5 and 7 through 10 and Overt Acts 1 through 4 of Count Sixteen of this indictment are incorporated here.

       2.      On or about May 20, 2010, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### SHACOY McNISH,

in connection with the attempted acquisition of a firearm, that is, a Glock Model 19, 9-millimeter handgun, from Firing Line, a licensed dealer of firearms, knowingly aided and abetted the making of false and fictitious statements, and aided and abetted the furnishing and exhibiting of a false, fictitious, and misrepresented identification, intended and likely to deceive that dealer with respect to a fact material to the lawfulness of the sale of the firearm under the provisions of Chapter 44, Title 18, United States Code, in that, defendant McNISH aided and abetted the providing of a counterfeit Pennsylvania operator's license in the name of L.C. and a written statement on Firearm Transaction Record, ATF Form 4473, certifying that the actual buyer of the firearm was L.C., knowing that the statements were false and fictitious.

       In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

18

## COUNT FOURTEEN

**THE GRAND JURY FURTHER CHARGES THAT**

1.      Paragraphs 1 through 5 and 7 through 10 and Overt Acts 1 through 4 of Count Sixteen of this indictment are incorporated here.

2.      On or about May 20, 2010, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### SHACOY McNISH

knowingly and without lawful authority possessed and used, and aided and abetted the possession and use of, a means of identification of another person, that is, the counterfeit driver's license and name, date of birth, and social security number of L.C., during and in relation to the making of false statements in connection with the attempted acquisition of a firearm.

In violation of Title 18, United States Code, Section 1028A(a)(1), (c)(3), and 2.

## COUNT FIFTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 2, 2010, in Upper Darby, in the Eastern District of Pennsylvania, defendant

**SHACOY McNISH**,

having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce a firearm, that is, a Winchester Model 94, .44 magnum, level action with the stock cut off at the end of the tang and an obliterated serial number, and a Marlin Model 1895 .45-70 lever action rifle with the stock cut off at the end of the tang bearing serial number B004397.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIXTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

      On or about July 2, 2010 in Upper Darby, in the Eastern District of Pennsylvania, defendant

### SHACOY McNISH

knowingly and without lawful authority possessed, and aided and abetted the possession of, a means of identification of another person with the intent to commit, and to aid and abet, a violation of federal law, that is, access device fraud in violation of Title 18, United States Code, Section 1029(a)(2), and the possession was in and affecting interstate commerce, and the means of identification was transported in th email in the course of the unlawful possession.

      In violation of Title 18, United States Code, Sections 1028(a)(7), (c)(3)(A), (c)(3)(B) and 2.

## COUNT SEVENTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 3, 2010, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**SHACOY McNISH,**

with intent to deceive, knowingly uttered and possessed, and aided and abetted the uttering and possession of, forged and counterfeit securities of an organization operating in and affecting interstate commerce, that is, a forged and counterfeit check drawn on an Abington Bank account in the amount of $4,715.03

All in violation of Title 18, United States Code, Section 513(a) and 2.

22

## COUNT EIGHTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 8, 2010, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**SHACOY McNISH,**

with intent to deceive, knowingly uttered and possessed, and aided and abetted the uttering and possession of, forged and counterfeit securities of an organization operating in and affecting interstate commerce, that is, a forged and counterfeit check drawn on an Abington Bank account in the amount of $90.

All in violation of Title 18, United States Code, Section 513(a) and 2.

## COUNT NINETEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this indictment:

1.     Paragraphs 1 and 2 of Count One are re-alleged here.

2.     Sears and Radio Shack each permitted its customers to apply for store-issued credit cards by providing personal identifying information, such as the customer's name, address, date of birth, and social security number.  Every Sears and Radio Shack credit card was assigned a unique account number.  Once a customer obtained a Sears or Radio Shack credit card account, he or she could add people as authorized users on the credit card account.  An authorized user could then make purchases against the Sears or Radio Shack credit card account as if he or she were the original credit card account holder.

3.     Mt Airy, USA ("Mt. Airy"), was a real estate development company based in Philadelphia, in the Eastern District of Pennsylvania, which provided and helped provide financing to individuals in connection with real estate transactions.

4.     T.Y., L.C., and G.L were real persons living in Philadelphia, in the Eastern District of Pennsylvania, who had separately applied for credit at Mount Airy.

5.     At no time material to this indictment did T.Y., L.C., or G.L. give defendant SHACOY McNISH or anyone else authorization to possess or to use their dates of birth, social security numbers, or any other identifying information for reason.

6.     From at least May 19, 2010, until at least about June 12, 2010, in the Eastern District of Pennsylvania, and elsewhere, defendant

**SHACOY McNISH**

24

conspired and agreed with others known and unknown to the grand jury, to commit offenses against the United States, that is, with intent to deceive, the knowing use of counterfeit and unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a), and the knowing possession and use of means of identification of other persons without lawful authority during and in relation to access device fraud, in violation of Title 18, United States Code, Section 1028A.

### MANNER AND MEANS

It was part of the conspiracy that

7.      Terrence Cook, a/k/a "Shake," a/k/a "Tariq," charged elsewhere, rented office space in the same building used by Mt. Airy, and, without authorization, accessed Mt. Airy files containing personal identifying information of customers, including T.Y., L.C., and G.L.

8.      Terrence Cook, a/k/a "Shake," a/k/a "Tariq," copied the personal information, known as "profiles," of Mt. Airy customers and shared the profiles with defendant SHACOY McNISH and Hamidullah McCall, a/k/a "Himothy," charged elsewhere.

9.      Defendant SHACOY McNISH, along with Terrence Cook, a/k/a "Shake," a/k/a "Tariq," and Hamidullah McCall, a/k/a "Himothy," then recruited other persons, known and unknown to the grand jury, to use the stolen profiles to commit access device fraud and other federal crimes.

### OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendant SHACOY McNISH and other persons, known and unknown to the grand jury, committed the following overt acts, among others:

25

1.      On or about May 19, 2010, defendant SHACOY McNISH added Ebony Fowler, charged elsewhere, as an authorized user on a Sears account for T.Y., without T.Y.'s authorization.  Fowler and Hamidullah McCall, a/k/a "Himothy," then entered a Sears store located at 7300 Bustleton Avenue, in Philadelphia, where Fowler obtained $2,707.14 worth of merchandise by charging it against T.Y.'s account.

2.      Also on or about May 19, 2010, defendant SHACOY McNISH provided Jahneeva Weems, charged elsewhere, with a fraudulent driver's license in the name of L.C., which Weems used to withdraw approximately $1,200 from L.C.'s account, all without L.C.'s authorization.

3.      On or about May 21, 2010, defendant SHACOY McNish went into a Radio Shack with Jahneeva Weems, where Weems provided a cashier with a fake driver's license for L.C. and purchased approximately $743.01 worth of merchandise by charging it against a Radio Shack account for L.C.

4.      On or about May 24, 2010, Hamidullah McCall, a/k/a "Himothy," and Jahneeva Weems, entered a Sears store located at 7300 Bustleton Avenue, in Philadelphia. Inside the store, Weems provided a cashier with the fake driver's license for L.C. and L.C.'s social security number, which she had obtained from defendant SHACOY McNISH, and tried to purchase approximately $1,310.11 worth of merchandise on L.C.'s account.

5.      On or about June 12, 2010, defendant SHACOY McNISH went back to the Sears store at 7300 Bustleton Avenue in Philadelphia with Ebony Fowler, Dawud Morris, and Terrence Cook, a/k/a "Shake," a/k/a "Tariq."  Morris was added as a user on a Sears account belonging to G.L. and tried to obtain approximately $5,129.95 worth of merchandise by charging

26

it against G.L.'s Sears account.  Defendant McNISH waited outside of the store to pick up Morris and Fowler after Morris made his fraudulent purchases.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWENTY

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 19, 2010, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

**SHACOY McNISH**

knowingly and with the intent to defraud trafficked in and used, and aided and abetted the

trafficking in and use of, one or more unauthorized access devices during a one-year period, that

is an unauthorized credit card account ending with the number 9567, and by such conduct,

obtained things of value aggregating $1,000 or more during that period, that is approximately

$2,797.14, thereby affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT TWENTY-ONE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 19, 2010,  in Philadelphia, in the Eastern District of Pennsylvania, defendant

### SHACOY McNISH

knowingly and without lawful authority possessed and used, and aided and abetted the unauthorized possession and use of, a means of identification of another person, that is, the name, social security number, and date of birth of T.Y., during and in relation to an access device fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(4) and 2.

## COUNT TWENTY-TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this indictment,

1.      Paragraph 2 of Count One and Paragraphs 4 and 5 of Count Nineteen are re-alleged here.

2.      On or about May 19, 2010, in the Eastern District of Pennsylvania, defendant

### SHACOY McNISH

knowingly executed, attempted to execute, and aided and abetted the execution of, a scheme to defraud Wachovia, and to obtain monies owned by and under the care, custody, and control of Wachovia by means of false and fraudulent pretenses, representations, and promises.

### THE SCHEME

It was part of the scheme that:

3.      Defendant SHACOY McNISH possessed without lawful authorization means of identification of L.C., a real person.

4.      On or about May 19, 2010, defendant SHACOY McNISH provided Jahneeva Weems, charged elsewhere, with a counterfeit driver's license in the name of L.C.

5.      Jahneeva Weems went to a branch of Wachovia, located in the Eastern District of Pennsylvania, and used the fake driver's license for L.C. to withdraw approximately $1,200 from L.C.'s bank account at Wachovia.

All in violation of Title 18, United States Code, Sections 1344 and 2.

30

## COUNT TWENTY-THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 19, 2010,  in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### SHACOY McNISH

knowingly and without lawful authority possessed and used, and aided and abetted the

unauthorized possession and use of, a means of identification of another person, that is, the

account number of L.C.., during and in relation to a bank fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5) and 2.

## COUNT TWENTY-FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 24, 2010, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### SHACOY McNISH

knowingly and with the intent to defraud, trafficked in and used, and aided and abetted the

trafficking in and use of, one or more unauthorized access devices during a one-year period, that

is an unauthorized credit card account ending with the number 5395, and by such conduct,

obtained things of value aggregating $1,000 or more during that period, that is approximately

$1,310.11, thereby affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT TWENTY-FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 24, 2010,  in Philadelphia, in the Eastern District of Pennsylvania, defendant

### SHACOY McNISH

knowingly and without lawful authority possessed and used, and aided and abetted the unauthorized possession and use of, a means of identification of another person, that is, the name, social security number, and date of birth, of L.C., during and in relation to an access device fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(4) and 2.

<u>**COUNT TWENTY-SIX**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 12, 2010,  in Philadelphia, in the Eastern District of Pennsylvania, defendant

**SHACOY McNISH**

knowingly and with the intent to defraud, trafficked in and used, and aided and abetted the trafficking in and use of, one or more unauthorized access devices during a one-year period, that is an unauthorized credit card account ending with the number 5105, and by such conduct, obtained things of value aggregating $1,000 or more during that period, that is approximately $5,129, thereby affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT TWENTY-SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 12, 2010,  in Philadelphia, in the Eastern District of Pennsylvania, defendant

### SHACOY McNISH

knowingly and without lawful authority possessed and used, and aided and abetted the unauthorized possession and use of, a means of identification of another person, that is, the name, social security number, and date of birth of G.L., during and in relation to an access device fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(4) and 2.

35

## <u>NOTICE OF FORFEITURE NO. 1</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      As a result of the violations of Title 18, United States Code, Section 922(g)(1), set forth in this indictment, defendant

### SHACOY McNISH

shall forfeit to the United States of America, the firearms involved in the commission of these offenses, including, but not limited to:  (a) a Winchester Model 94, .44 magnum, level action with the stock cut off at the end of the tang and an obliterated serial number; and (b) a Marlin Model 1895 .45-70 lever action rifle with the stock cut off at the end of the tang bearing serial number B004397.

Pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

36

## NOTICE OF FORFEITURE NO. 2

1.      As a result of the violations of Title 18, United States Code, Sections 371, 1029(a)(1), and 1344, set forth in this indictment, defendants

**SHACOY McNISH, and**
**OMAR R. THOMPSON**

shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such offenses, including, but not limited to the sum of $123,486.54 in United States currency.

2.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

37

All pursuant to Title 18, United States Code, Section 982(a)(2).

**A TRUE BILL:**


_____

**GRAND JURY FOREPERSON**


_____

**ZANE DAVID MEMEGER**
**United States Attorney**

38